# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs February 23, 2012

## STATE OF TENNESSEE v. EDDIE LEROY ROWLETT

**Appeal from the Circuit Court of Stewart County**
**No. 4-1967-CR-08     Larry Wallace, Judge**

_____

**No. M2011-00485-CCA-R3-CD - Filed February 26, 2013**

_____

JEFFREY S. BIVINS, J., concurring in part and dissenting in part.

I respectfully dissent from the majority's reversal of the Defendant's conviction for aggravated assault.  The majority concludes that the State failed to present sufficient evidence of serious bodily injury to Deputy Saltkill.  Nowhere in the Defendant's brief does he even mention the issue of the sufficiency of the proof as to serious bodily injury.  As the majority points out, the "crux of the Defendant's sufficiency argument is that the State failed to prove that he did not act in self-defense."  Indeed, I submit that, not only is it the "crux" of his argument, it is his *only* argument.  The Defendant's entire argument on the sufficiency issue is comprised of only one paragraph that consumes less than one-half of a page of the Defendant's brief.  The only citation in the paragraph is to the seminal case Jackson v. Virginia, 443 U.S. 307 (1979), regarding the general standard of appellate review on sufficiency issues.  Moreover, the only reference to the proof was with regard to the issue of self defense.  Under these circumstances, the Defendant clearly has failed to support any argument on the sufficiency of the evidence as to the issue of serious bodily injury "with argument, citation to relevant authorities, or any references to the appellate record."  See Tenn. R. App. P. 27.  Accordingly, I would find that the Defendant has waived any sufficiency argument with regard to the issue of serious bodily injury.

Likewise, for the same reasons, with regard to the majority's decision to address the sufficiency of the evidence as to the conviction for resisting arrest, I would hold that the Defendant has waived that issue.  Therefore, I concur in the result reached by the majority on this issue.

I concur with the majority opinion on all other issues.

For these reasons, I would affirm the judgments of the trial court in all respects.


_____
JEFFREY S. BIVINS, JUDGE